UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Samuel Steel III,<br> Petitioner, | )<br>)<br>)   No. 1:16-cv-676 |
| -v- | )<br>)   HONORABLE PAUL L. MALONEY |
| Sherman Campbell,<br> Respondent. | )<br>)<br>) |

## OPINION

On June 3, 2016, Petitioner Samuel Steel filed a Petition under 28 U.S.C. § 2254, seeking relief from his state conviction for first degree murder, felon in possession of a firearm, and two counts possession of a firearm during the commission of a felony. (ECF No. 1.) The magistrate judge ordered the state to respond and then filed a 40-page Report and Recommendation (R & R) on May 9, 2018. The magistrate judge thoroughly addressed the issues presented and concluded that the petition was meritless. (ECF No. 13.)

The matter is now before the Court on Petitioner's objections to the R & R, which were filed on November 19, 2018, (ECF No. 16) and Petitioner's motion to hold his petition in abeyance while he returns to state court to exhaust newly-raised claims. (ECF No. 17.)

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with a report and recommendation (R & R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R & R to which

objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (*per curiam*) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (upholding the Sixth Circuit's practice).

I.

Before reaching the merits of Petitioner's § 2254, the Court will first address Petitioner's motions to stay the proceedings. (ECF No. 17–18.)

After the R & R issued on his § 2254, Petitioner filed a motion to stay proceedings while he exhausted an additional claim in state court based on the alleged discovery of new evidence. Petitioner claims that a private investigator hired by his family interviewed a witness to the shooting, Ricky Perry, who was himself shot in the leg at the time of the shooting for which Petitioner stands convicted of first-degree murder. Perry allegedly gave a statement to the private investigator indicating that he saw the shooter, and while he could not identify him, it was not Petitioner.

Petitioner asserts that he is filing a motion to collaterally attack his conviction in state court, as he must do to properly exhaust the claim here and requests that the Court hold his § 2254 petition in abeyance while he does so. Petitioner relies on *Rhines v. Weber* in support

of his motion to hold his petition in abeyance. *Rhines* instructs that federal district courts have discretion to stay and hold in abeyance "mixed" § 2254 petitions (containing both exhausted and unexhausted claims) where the petitioner has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that [he] engaged in intentionally dilatory litigation tactics." 544 U.S. 269, 278 (2005).

Here, Petitioner has not presented any claim for relief which is unexhausted; instead he merely asserts that he has discovered new evidence, suggesting that the discovery may provide the basis for a future habeas claim. The Court does not find that a stay is warranted based on this discovery. *Rhines* is not applicable, as it dealt with mixed petitions containing both exhausted and unexhausted claims. Petitioner's § 2254 petition is not a "mixed" petition as all claims raised in the Petition are properly before the Court. And moreover, Petitioner has not addressed how the discovery of Ricky Perry—a witness who was surely known to all parties at the time of the incident since he, too, was a victim of the shooting—will lead to a meritorious claim for habeas relief under clearly-established federal law. Accordingly, the motion to stay is **DENIED.** The Court will next consider Petitioner's objections to the R & R filed by the magistrate judge on his § 2254 petition.

## II.

Petitioner raised ten claims for relief in his petition, and he now raises five objections to the magistrate judge's recommended resolution of those claims.

<u>Objection #1: Procedural Default</u>

Petitioner first claims that the magistrate judge erred by finding that, because the claims raised in grounds IV and X of his petition were meritless, no discussion of procedural

default was necessary. This is not an independently cognizable objection; Petitioner in effect says that his grounds for relief were meritorious so the magistrate judge should have analyzed whether or not they were procedurally defaulted. However, as discussed *infra,* the magistrate judge did not err in concluding that these claims for relief were meritless.

Objection #2: Evidentiary Rulings

Petitioner next claims that the magistrate judge erred in his analysis of Grounds II, III, and IX of the petition. The magistrate judge summarized these grounds for relief as follows:

> Ground II is a claim that the trial court abused its discretion in granting the prosecution's motion for admissibility of 404(b) acts, specifically, evidence that petitioner was involved in the drug trade.
>
> * * *
>
> Ground III is a claim that the trial court committed reversible error and abused its discretion in allowing witness Kristine Wilkerson to testify "how she felt" after an agent told her that the FBI was looking for petitioner because the evidence was not relevant and was unfairly prejudicial.
>
> * * *
>
> Ground IX is petitioner's claim that the trial court judge abused her discretion by allowing a juror question asking what kind of drug petitioner was selling and then allowing an answer that clearly prejudiced petitioner.

(ECF No. 13 at PageID.3162–63.) The magistrate judge then concluded that, even if the trial court had erred in its evidentiary rulings, as the Michigan Court of Appeals had found, Petitioner had not demonstrated that the erroneous evidentiary rulings deprived him of a federal constitutional right. (*Id.* at PageID.3165.) Thus, the R & R concludes that these grounds for relief were meritless.

4

Once again, Petitioner raises only conclusory challenges to the R & R's conclusions. He asserts that "[i]f ruling that the admissions were erroneous does not 'violate the Constitution, laws, or treaties of the United States,' NOTHING does!" This objection will be overruled, as Petitioner has not demonstrated that the state evidentiary rulings were so grave that they rose to the level of a due process violation. *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000).

Objection 3: Prosecutorial Misconduct

Petitioner next raises arguments relating to his claims of prosecutorial misconduct. The magistrate judge summarized these claims too:

> In Ground IV, petitioner claims prosecutorial misconduct during closing argument in (1) vouching for the credibility of prosecution witnesses and (2) in violating a stipulation regarding petitioner's alleged aliases.
>
> * * *
>
> Ground X is a claim of prosecutorial misconduct stemming from Devon Smith's testimony, [which he claims the prosecutor knew to be false].

(ECF No. 13 at PageID.3166.) The magistrate judge then properly stated the legal standard: Whether the alleged misconduct must have "so infected the trial with unfairness as to make the resulting conviction a denial of due process." (*Id.* (quoting *Darden v. Wainwright*, 477 U.S. 168, 181 (1986).) Before embarking on the analysis of the individual claims of prosecutorial misconduct, the magistrate judge also noted that the Michigan Court of Appeals had already rejected the claims for lack of merit, meaning that, in addition to satisfying the legal standard, Petitioner needed to show that the decision of the state court "was contrary to, or involved an unreasonable application of, clearly established Federal law,

5

as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." (*Id.*) (quoting 28 U.S.C. § 2254(d)).

Ultimately, the magistrate judge concluded that Petitioner's habeas claims based on prosecutorial misconduct during closing argument failed for several reasons. First, the conduct alleged did not fall into either category of objectionable vouching. *See Johnson v. Bell*, 525 F.3d 466, 482 (6th Cir. 2008); *Brown v. McKee*, 231 F. App'x. 469, 478 (6th Cir. 2007) (citing *United States v. Francis*, 170 F.3d 546, 550 (6th Cir. 1999)). *But see Wogenstahl v. Mitchell,* 668 F.3d 307, 328 (6th Cir. 2012) (treating the two aspects of vouching as part of a single standard). Additionally, the magistrate judge noted that the Supreme Court has never recognized a prosecutorial misconduct claim premised on vouching as a "constitutional-level" claim. As to Devon Smith's allegedly perjured testimony, the magistrate judge concluded that Petitioner had established neither that he could meet the elements of such a claim, nor that the Michigan Court of Appeals determination of the claim was unreasonable.

Now in his objections, Petitioner merely incorporates his reply brief by reference and asserts that he is entitled to relief on the claim. The Court has reviewed Petitioner's brief and fully agrees with the magistrate judge that the claims of prosecutorial misconduct present no basis for habeas corpus relief. At a minimum, Petitioner has not demonstrated how the Michigan Court of Appeals' determination—that any prosecutorial misconduct was harmless error—was an "objectively unreasonable" conclusion. *See Mitchell v. Esparza*, 540 U.S. 12, 18 (2003).

Objection 4: Ineffective Assistance of Counsel

Finally, Petitioner's last objections deal with ineffective assistance of counsel. Specifically, he restates his claim that his counsel should have objected to the alleged prosecutorial misconduct raised above and adds that his counsel should have called Roderick Ivey as a witness during trial. Petitioner continues to assert that Ivey would have testified that he saw the shooter and that it was not Petitioner. As to the former, the Court concludes that the claim fails because Petitioner cannot meet the *Strickland* standard, because as already noted, the alleged prosecutorial misconduct was harmless, and Petitioner thus cannot demonstrate prejudice. *Strickland v. Washington*, 466 U.S. 668, 689 (1984).

The Michigan Court of Appeals considered and rejected Petitioner's argument as to Roderick Ivey after review of the record. It concluded that:

> Ivey testified at the evidentiary hearing that he told the police that Johnson shot Conklin. Ivey denied later telling Detective Beauchamp that defendant shot Conklin. Beauchamp, however, testified that Ivey initially told him that he did not know the shooter, but later identified defendant as the shooter. Counsel testified that he and his private investigator concluded that Ivey would not be a strong defense witness because he had changed his statement and because he had identified defendant as the shooter. Contrary to defendant's assertion, Ivey would not have served as an exculpatory witness.

(PageID.2521.) The Court finds no fault in the magistrate judge reasoning that Petitioner could not establish that the Michigan Court of Appeals decision contrary to or an unreasonable application of clearly established federal law, particularly because Petitioner's trial counsel's decision not to call Ivey was a reasonable trial strategy based on his conclusions that Ivey had changed his statement and had, at one point, identified Petitioner as the shooter.

<u>Objection 5: Certificate of Appealability</u>

Finally, Petitioner requests that if the Court does not reject the R & R on the merits, that it issue a certificate of appealability. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484. "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

Examining Petitioner's claims under the standard in *Slack*, the Court finds that reasonable jurists would not conclude that this Court's denial of Petitioner's claims is debatable or wrong. The Court thus will deny a Certificate of Appealability.

8

## ORDER

For the reasons given in the accompanying opinion, the Court **DENIES** Petitioner's Motions to Stay Proceedings (ECF Nos. 17–18).

The Court **ADOPTS** the R & R (ECF No. 13) as the Opinion of the Court and **OVERRULES** Petitioner's objections (ECF No. 16) to the R &R. Accordingly, the Court **DENIES** Petitioner's Petition for Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 7.) The Court also **DENIES** a certificate of appealability.

**JUDGMENT TO FOLLOW.**

**Date:** May 8, 2019 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge